UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>JESS BOYSEN, CORRECTIONAL OFFICER, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TROY PONTO, ASSOCIATE WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN SHYNE, LIEUTENANT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; KURTIS BROWN, SERGEANT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DAVID STEPHAN, DCI AGENT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JUSTIN KUKU, CORRECTIONAL OFFICER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; KEITH DITMANSON, UNIT MANAGER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA COOK, ASSOCIATE WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; PAIGE W. BOCK, SOUTH DAKOTA STATE ATTORNEY GENERAL, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY SUNDE, SOUTH DAKOTA STATE ATTORNEY GENERAL, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER DREIRSKE, DEPUTY WARDEN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; ASHLEY MCDONALD, ATTORNEY FOR THE SOUTH DAKOTA STATE PENITENTIARY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; DAVID LENTSCH, UNIT MANAGER; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; HEATHER | 4:21-CV-04186-LLP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY THE FULL FILING FEE |

1

| BOWERS, NURSE, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, PIERRE'S MEDICAL DIRECTOR, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN PHYSICAL THERAPIST, JAMISON ANNEX, A CONTRACTOR FOR HEALTH SERVICES FROM AN OUTSIDE SOURCE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, Defendants. | |
|---|---|

Plaintiff, Bruce Edgar Smith, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Smith is an inmate at the South Dakota State Penitentiary. *Id.* at 1. Stinson moves for leave to proceed in forma pauperis and included his prisoner trust account report. Docs. 2 and 3.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris,* 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997)). Significantly, the PLRA prohibits a prisoner from requesting in forma pauperis status in an action or appeal

> if the prisoner has, *on 3 or more prior occasions,* while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). Smith has previously proceeded in forma pauperis in three other cases that were dismissed pursuant to the screening procedures of § 1915. *See Smith v. Dept. of Corrections,* 4:01-CV-04193-LLP, Doc. 8 at 7; *Smith v. Davidson,* 4:12-CV-04105-

KES, Doc. 8 at 6; *Smith v. United States Marshals*, 5:16-CV-05083-KES, Doc. 8 at 5-6. Moreover, Smith has been denied permission to proceed in forma pauperis on a prior occasion because he was barred by the three-strike rule and could not demonstrate that he was under imminent danger of serious physical injury. *See Smith v. United States Marshals*, 4:18-CV-04016-LLP, Doc. 4.

Smith is therefore barred from proceeding in forma pauperis in any subsequent action, including the instant action, absent a showing that he is under imminent danger of serious physical injury. Among Smith's claims, one of them does allege an ongoing injury. *See* Doc. 1 at 30-33. Smith alleges that he had back surgery on August 27, 2020. *Id.* at 30. He alleges that he was under a medical order for "no bending, twisting, or flexing[.]" *Id.* He alleges that, despite this order, a physical therapist that he saw five times in September 2020 bent his legs up to his chest repeatedly and held his legs in the air, causing him extreme pain. *Id.* at 31. He claims that this therapy reinjured his back, causing him stabbing pains in his lower back and shooting pains down both legs. *Id.* at 32. He claims that his back has stopped healing and that he needs another surgery, but he is not interested in having that surgery performed. *Id.* at 33.

The Eighth Circuit Court of Appeals has explained that a prisoner seeking in forma pauperis status who is barred by the three-strike rule must show "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (en banc)). In *Martin*, the Eighth Circuit referred not only to "ongoing serious physical injury" but also "ongoing danger." *Id.*

Smith fails to show either a pattern of misconduct evidencing the likelihood of imminent serious physical injury or an ongoing serious physical injury. *See* Doc. 1 at 30-33. He makes no

claims showing the likelihood of a new injury. As to ongoing serious physical injury, he shows no ongoing danger as required by *Martin*. Although he is not interested in surgery, he does acknowledge that there is a new plan for treating his back, and he makes no allegations regarding that new plan. *See* Doc. 1 at 33. Smith claims that he is waiting to see if this new plan will work. *Id.* Thus, Smith cannot meet the "imminent danger of serious physical harm" exception of § 1915(g).

Because Smith has failed to demonstrate that he is under imminent danger of serious physical injury, the Court denies his request to proceed in forma pauperis. Doc. 2. Smith must pay the requisite $400 filing fee to proceed with this action by October 21, 2020, or his Complaint will be dismissed. Accordingly, it is ORDERED:

1. That Smith's motion for leave to proceed in forma pauperis, Doc. 2, is denied. Smith must pay the $400 filing fee to the Clerk, U.S. District Court by January 18, 2022, or his complaint will be dismissed.

Dated this 20th day of December, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW THELEN, CLERK