UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>JESS BOYSEN, CORRECTIONAL OFFICER, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TROY PONTO, ASSOCIATE WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN SHYNE, LIEUTENANT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; KURTIS BROWN, SERGEANT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DAVID STEPHAN, DCI AGENT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JUSTIN KUKU, CORRECTIONAL OFFICER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; KEITH DITMANSON, UNIT MANAGER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA COOK, ASSOCIATE WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; PAIGE W. BOCK, SOUTH DAKOTA STATE ATTORNEY GENERAL, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY SUNDE, SOUTH DAKOTA STATE ATTORNEY GENERAL, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER DREIRSKE, DEPUTY WARDEN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; ASHLEY MCDONALD, ATTORNEY FOR THE SOUTH DAKOTA STATE PENITENTIARY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; DAVID LENTSCH, UNIT MANAGER; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; HEATHER | 4:21-CV-04186-LLP<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, MOTION FOR RECUSAL, AND MISCELLANEOUS MOTIONS |

| BOWERS, NURSE, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, PIERRE'S MEDICAL DIRECTOR, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN PHYSICAL THERAPIST, JAMISON ANNEX, A CONTRACTOR FOR HEALTH SERVICES FROM AN OUTSIDE SOURCE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, <br><br> Defendants. | |
|---|---|

Plaintiff, Bruce Edgar Smith, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court denied Smith's motion to proceed in forma pauperis, Doc. 2, because he is a barred filer under 28 U.S.C. § 1915(g). Doc. 9. Thus, under § 1915(g), Smith is required to either pay his full filing fee or allege imminent danger of serious physical injury. On December 29, 2021, Smith filed a response to this Court's order denying his motion to proceed in forma pauperis and a motion for recusal. Docs. 10, 12. Smith has also filed two motions to appoint counsel and a motion for copies of documents. Docs 4, 11.

**I. Motion for Reconsideration**

Smith disputes this Court's determination that he failed to allege imminent danger of serious physical injury. *See* Doc. 10 at 1-10. Construing his filing liberally, Smith has filed a motion for reconsideration. The Eighth Circuit Court of Appeals has traditionally "instructed courts to consider [motions for reconsideration] either under Rule 59(e) or Rule 60(b)." *See Moberly v. Midcontinent Commc'n*, Civ. 08-04120, 2010 WL 11681663, at *1 (D.S.D. Aug. 2, 2010) (citations omitted). Rule 60(b) authorizes a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

2

intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Smith argues that his ongoing medical condition constitutes imminent danger of serious physical injury. Doc. 10 at 3-4.

The only potentially applicable circumstance here is "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). But to obtain relief under Rule 60(b)(6), a party must show that "exceptional circumstances . . . denied the moving party a full and fair opportunity to litigate his claim and . . . prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted). Rule 60(b) motions cannot be used to "tender new legal theories" or to reargue "on the merits." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)) (first quoted material); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (second quoted material).

Under § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As this Court explained in its previous order, Smith has had three previous complaints dismissed as frivolous, malicious, or failing to state a claim, and thus Smith must either pay the filing fee in full or allege imminent danger of serious physical injury. *See* Doc. 9.

Smith claims that he had back surgery on August 27, 2020. Doc. 1 at 30. He claims that physical therapy following this surgery violated his medical order for "no bending, twisting, or

3

flexing" and caused further injury and extreme pain. *Id.* at 30-32. He also claims that his back has stopped healing since he was reinjured in physical therapy. *Id.* at 32-33. This Court found that while Smith's injury was ongoing in that he still suffered from it, he failed to show ongoing danger. Doc. 9 at 3-4.

Smith submits medical correspondence since this Court's order between himself and South Dakota State Penitentiary Health Services staff that he claims demonstrates imminent danger of serious physical injury. Doc. 16-1 at 1-10. Specifically, the correspondence shows that he underwent an injection on January 7, 2022, that after a visit to sick call on February 10, 2022, his provider requested an appointment with Physical Medicine and Rehabilitation, and that he received another correspondence the following day instructing him to continue his current plan of Tylenol, meloxicam, and gabapentin. *Id.* at 6-7, 10. Smith believes that he needs surgery because of his continuing back pain and that defendant Dr. Mary Carpenter, the medical director, is blocking him from seeing Dr. Carmody. *See* Doc. 15 at 3-4; Doc. 16 at 4. Smith saw Dr. Carmody for a one-year follow-up after his surgery, at which point she observed "failed fusion with loosening or failure of integration of the L4 anchoring screws." Doc. 16-1 at 19. She also noted that "there is no guarantee that another surgery would be helpful for [Smith's] symptoms" and that he might not require further surgery. *Id.* at 20. Smith alleges that Dr. Carpenter is relying on this one note from August 17, 2021, to continue to deny him access to Dr. Carmody and future surgeries. *See* Doc. 16 at 4.

Smith also makes allegations that defendant Jess Boysen has retaliated against him and that the threat of retaliation is ongoing. Doc. 10 at 7-10. Smith alleges that Boysen told him that "he would show [Smith] how bad it really could get" and that Boysen was reassigned to a different section of the State Penitentiary to keep him away from Smith. *Id.* at 8. He alleges that

4

he was assaulted by three inmates on May 9th, 2019, while Boysen watched and smiled. *Id.* He also alleges that Sgt. Amber Stevens, a friend of Boysen's, falsely had him written up on June 10, 2021, causing him to be sent to the Segregated Housing Unit and to lose his prison job. *Id.* at 9-10.

Smith fails to allege ongoing danger sufficient to show an imminent danger of serious physical injury. Smith's medical care allegations are that the State Penitentiary is failing to properly treat his back injury. *See* Doc. 16 at 2-6. He makes no allegation that he is at risk of further injury or harm or that he is at risk of being treated by the physical therapist that reinjured him. Instead, he disagrees with the treatment plan that he is receiving and believes that surgery would be a better option. Mere disagreement with treatment decisions does not constitute deliberate indifference to serious medical needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citation omitted). As to Smith's allegations of retaliation, two instances of retaliation over the past three years do not constitute an imminent risk, especially without a showing that future harm is likely. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc))). Thus, Smith makes no showing of exceptional circumstances as required by Rule 60(b)(6).

Nor is Smith afforded any relief under Rule 59(e). "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440

F.3d 930, 933 (8th Cir. 2006)). Smith makes no showing of a manifest error of law or fact and provides no newly discovered evidence except for his arguments described above. Thus, his motion for reconsideration, Doc. 10, is denied.

## II. Motion for Recusal

Smith moves for the recusal of the undersigned judge. Doc. 12. "A judge must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.'" *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 455(a)). This standard is objective and questions "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Id.* (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)). The party that introduces the motion for recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (internal quotation omitted).

The party must show "that the judge had a disposition so extreme as to display clear inability to render fair judgment." *Melton*, 738 F.3d at 905 (internal quotation omitted). Smith argues that this Court has incorrectly ruled against him in several previous cases. Doc. 12 at 4-10. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Judicial rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* Here, Smith's disagreement with prior rulings may be grounds for appeal, but he has not shown that

6

the undersigned judge is unable to be impartial or to render a fair judgment. Smith has not met his burden. Thus, his motion for recusal, Doc. 12, is denied.

Accordingly, it is ORDERED:

1. That Smith's motion for reconsideration, Doc. 10, is denied.
2. That Smith's motion for recusal, Doc. 12, is denied.
3. That Smith's motion for documents, Doc. 11, is denied as moot.
4. That Smith's motions for appointment of counsel, Docs. 4, 11, are denied as moot.

DATED August 15, 2022.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK